BRYAN L. HAWKINS (SB #238346)
bryan.hawkins@stoel.com
STOEL RIVES LLP
500 Capitol Mall, Suite 1600
Sacramento, CA 95814
Telephone: 916.447.0700
Facsimile: 916.447.4781

Attorneys for Defendant
Brighton Jones, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC STRONG, an individual, and MILLER AVENUE ADVISORS, LLC, a California limited liability company<br><br>Plaintiff,<br>v.<br><br>BRIGHTON JONES, LLC, a Washington limited liability company, and DOES 1-50, inclusive<br><br>Defendants. | CASE NO.  3:21-cv-05299-JSC<br><br>**DEFENDANT BRIGHTON JONES, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:     September 23, 2021<br>Time:    9:00 a.m.<br>Ctrm:    E, 15th Floor<br>Judge:   Hon. Judge Jacqueline Corley<br><br>Complaint Filed:  February 19, 2020 |

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

-1-
NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES– 3:21-CV-05299-JSC
111919176.2 0074464-00004

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ............................................................................................................ 3

I.   INTRODUCTION ............................................................................................................... 6

II.  RELEVANT ALLEGATIONS ........................................................................................... 8

    A.   PLAINTIFF'S EMPLOYMENT WITH BRIGHTON JONES AND RESIGNATION ................................................................................................. 8

    B.   RELEVANT DISCUSSIONS BETWEEN THE PARTIES .................................. 8

III. LEGAL ARGUMENT ......................................................................................................... 9

    A.   STANDARD OF REVIEW ................................................................................... 9

    B.   THE COURT SHOULD GRANT DEFENDANTS' MOTION ........................... 10

        1.   THE COURT SHOULD DISMISS PLAINTIFF'S FIRST CLAIM FOR RELIEF FOR DECLARATORY RELIEF ...................................... 10

        2.   THE COURT SHOULD DISMISS PLAINTIFF'S SECOND CLAIM FOR RELIEF FOR VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, *ET SEQ.* ................................................................................................................. 13

IV.  CONCLUSION .................................................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*,
   300 U.S. 227 (1937) .................................................................................................... 10

*Am. Credit Indem. Co. v. Sacks*,
   213 Cal. App. 3d 622 (1989) ........................................................................................ 11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................. 9, 10

*Balistreri v. Pacifica Police Dep't*,
   901 F.2d 696 (9th Cir. 1990) ........................................................................................ 10

*Bardin v. DaimlerChrysler Corp.*,
   136 Cal. App. 4th 1255 (2006) ..................................................................................... 13

*Consumer Def. Grp. v. Rental Hous. Indus. Members*,
   137 Cal. App. 4th 1185 (2006) ..................................................................................... 14

*Drum v. San Fernando Valley Bar Ass'n*,
   182 Cal. App. 4th 247 (2010) ....................................................................................... 13

*Gordon v. Landau*,
   49 Cal. 2d 690 (1958) ................................................................................................... 12

*Judan v. Wells Fargo Bank, Nat'l Ass'n*,
   No. 15-cv-05029-HSG, 2017 WL 3115172 (N.D. Cal. July 21, 2017) ................... 11, 13

*Korea Supply Co. v. Lockheed Martin Corp.*,
   29 Cal. 4th 1134 (2003) ................................................................................................ 13

*Krantz v. BT Visual Images, L.L.C.*,
   89 Cal. App. 4th 164 (2001) ......................................................................................... 14

*Medimmune, Inc. v. Genentech, Inc.*,
   549 U.S. 118 (2007) ................................................................................................ 10, 11

*Morlife, Inc. v. Perry*,
   56 Cal. App. 4th 1514 (1997) ....................................................................................... 12

*Olszewski v. Scripps Health*,
   30 Cal. 4th 798 *(2003)* ................................................................................................. 13

*Ruiz v. Mortg. Elec. Registration Sys., Inc.*,
   No. CIV. S-09-0780 FCD DAD, 2009 WL 2390824 (E.D. Cal. Aug. 3, 2009) ...... 11, 13

*Saunders v. Superior Ct.*,
   27 Cal. App. 4th 832 (1994) .................................................................................... 13

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) .................................................................................... 10

*Starr v. Baca*,
   652 F.3d 1202 (9th Cir. 2011) .................................................................................. 10

**Statutes**

Cal. Bus. & Prof. Code § 17200 ............................................................................... 5, 6, 13

Cal. Bus. & Prof. Code § 17204 ...................................................................................... 14

Cal. Civ. Code § 3426.1(d) ............................................................................................. 12

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ..................................................................... 5, 9

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on September 23, 2021, at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Jacqueline Scott Corley in Courtroom E, located on the 15th Floor of the United States District Court for the Northern District of California (San Francisco Division), located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Brighton Jones, LLC will and hereby does move this Court for an order dismissing the first cause of action for declaratory relief and second cause of action for violation of California Business and Professions Code section 17200. Defendant's Motion to Dismiss is made pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the Complaint fails to state a claim upon which relief can be granted.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Complaint and its exhibits, any Reply memorandum, the pleading and files in this action, and such other matters as may be presented at or before the hearing.

Dated: August 12, 2021

STOEL RIVES LLP

By: /s/Bryan L. Hawkins
Bryan L. Hawkins
Attorneys for Defendant
Brighton Jones, LLC

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   INTRODUCTION

Plaintiff Eric Strong ("Plaintiff") is a former employee of Defendant Brighton Jones, LLC ("Defendant"), a full-service wealth management firm. In February 2021, while still employed by Brighton Jones, Plaintiff created a new company – Miller Avenue Advisors, LLC – to compete directly against Brighton Jones in the wealth management industry. At the same time, and again while still employed by Brighton Jones, Plaintiff began soliciting Brighton Jones' current clients to transfer their business away from Brighton Jones and to Plaintiff's new company. Subsequent to Plaintiff's resignation from his employment with Brighton Jones, Plaintiff misappropriated Brighton Jones' trade secret information and used it in his new business. Brighton Jones delivered a cease and desist letter to Mr. Strong and to his counsel and subsequently engaged in extensive discussions. Those discussions resulted in Brighton Jones' counsel delivering a draft complaint to Plaintiff's counsel, which complaint was set to be filed in Marin County Superior Court and premised on California law only. In response to this draft complaint, and in a blatant effort to forum shop, Plaintiff filed this current action.

Plaintiff's Complaint alleges two causes of action against Brighton Jones: declaratory relief and violation of California Business and Professions Code section 17200. Both of these claims relate to a Business Protection Agreement which Plaintiff signed at the beginning of his employment and which was later amended pursuant to "Addendum A." Neither of these claims has any merit whatsoever.

Plaintiff's first claim for relief seeks declaratory relief pursuant to the Declaratory Judgment Act ("DJA"). Specifically, Plaintiff seeks a declaration concerning the following:

(1) whether Paragraph 4 of Addendum A to the Business Protection Agreement titled "Non Solicitation and Non Service" is valid under California law;

(2) whether Paragraph 11 of the Business Protection Agreement titled "Governing Law" is valid under California law;

(3) whether Paragraph 12 of the Business Protection Agreement titled "Jurisdiction/Venue" is valid under California law; and

(4) whether Plaintiff Strong has unlawfully solicited Brighton Jones' clients in violation of the Business Protection Agreement.

Plaintiff is not entitled to declaratory relief under the DJA as demonstrated by exhibits Plaintiff attached to the Complaint. To start, the validity of Paragraph 4 titled "Non Solicitation and Non Service" and/or Brighton Jones' interpretation of that Paragraph is clear. Contrary to Plaintiff's allegations, and as evidenced by the exhibits to the Complaint, Brighton Jones **is not** interpreting this Paragraph to preclude Plaintiff Strong from soliciting his former clients. Brighton Jones is only interpreting this Paragraph to prevent Plaintiff Strong from soliciting his former clients **using Brighton Jones' trade secret information**. Complaint, at Exhs. C (May 26, 2021 demand letter by and between counsel for Brighton Jones and counsel for Plaintiff) and D at ¶¶ 31-43 (Brighton Jones' draft complaint against Plaintiff and the cause of action for misappropriation of trade secrets). There is no current dispute involving Plaintiff's solicitation of former clients without using any trade secret information. Moreover, this interpretation is fully consistent with California law. Specifically, California courts have repeatedly held that a former employee may be barred from soliciting existing customers to redirect their business away from the former employer and to the employee's new business if the employee is utilizing trade secret information to solicit those customers, and numerous California court have concluded that customer lists can qualify for trade secret protection.

As for Plaintiffs' contention that there is a current dispute regarding Paragraphs 11 ("Governing Law") and 12 ("Jurisdiction/Venue") of the Business Protection Agreement, they are demonstrably incorrect. Again, Paragraph 11 of the Business Protection Agreement titled "Governing Law" provides that Washington law will govern any dispute, and Paragraph 12 of the Business Protection Agreement titled "Jurisdiction/Venue" provides that any dispute should be filed in Washington. Despite these provisions, it is clear that Brighton Jones sought to file suit in California (specifically Marin County Superior Court) and is relying on California law. Complaint, at Exh. D. Given this, there is no current dispute pertaining to governing law or the applicable forum.

Finally, and as for Plaintiffs' request for a declaration that Plaintiff Strong has not unlawfully solicited Brighton Jones' clients in violation of the Business Protection Agreement, it relates solely to past wrongs, which is outside of the scope of the DJA.

Plaintiffs' second claim for relief alleges a violation of California's Unfair Competition Law. This claim is derivative of Plaintiff's other claims in this matter and fails for similar reasons. This claim also fails because Plaintiff has failed to allege that he suffered any injury in fact, which is a requisite for claims under California's Unfair Competition Law.

For these reasons, and as further discussed below, Brighton Jones respectfully requests that the Court grant its Motion and dismiss with prejudice this case in its entirety.

## II.    RELEVANT ALLEGATIONS

### A.    PLAINTIFF'S EMPLOYMENT WITH BRIGHTON JONES AND RESIGNATION

In October 2011, Plaintiff began his employment with Brighton Jones. Complaint, at ¶ 6. Brighton Jones is a wealth management firm and Plaintiff worked in Brighton Jones' San Francisco office as an Advisor. Complaint, at ¶ 10.

On or about February 14, 2014, Plaintiff signed a Business Protection Agreement with Brighton Jones. Complaint, at ¶ 11; Complaint, at Exh. A. The Business Protection Agreement provides in relevant part:

- 11. Governing Law. This BPA shall be construed and enforced in accordance with Washington law without giving effect to its choice of law provisions.

- 12. Jurisdiction/Venue. Employee agrees that the state and federal courts located in King County, Washington shall have exclusive jurisdiction with respect to any dispute arising out of this Agreement, and further agrees to submit to the jurisdiction of the state and federal courts located in King County, Washington; provided that Company may, in its exclusive discretion, seek injunctive relief in another venue when Company believes such action is necessary under the circumstances.

On or about September 18, 2017, Plaintiff signed Business Protection Agreement, Addendum A. Complaint, at ¶ 12; Complaint, at Exh. B. This Business Protection Agreement,

Addendum A provides that for a period of two years after his separation from employment, Plaintiff is prohibited from soliciting Brighton Jones' clients using Brighton Jones' Confidential Information and/or trade secret information. Complaint, at ¶ 12; Complaint, at Exh. B.

On May 10, 2021, Plaintiff informed Brighton Jones of his resignation. Complaint, at ¶ 15. At the same time, and using his Brighton Jones email address populated with the names of Brighton Jones' clients (which information Brighton Jones contends constitutes protectable trade secret information), Plaintiff sent a solicitation email to his clients at Brighton Jones. Complaint, at ¶ 14.

### B.   RELEVANT DISCUSSIONS BETWEEN THE PARTIES

Subsequent to Plaintiff's resignation, Plaintiff's counsel and Brighton Jones engaged in multiple discussions relating to Plaintiff's unlawful conduct. On May 26, 2021, and as alleged in Plaintiff's Complaint, Brighton Jones' counsel sent a letter to Plaintiff's counsel continuing those discussions. Complaint, at ¶ 15; Complaint, at Exh. C. In that letter, counsel for Brighton Jones communicated Brighton Jones' position that Plaintiff had misappropriated Brighton Jones' trade secret information and used that information to improperly solicit Brighton Jones' clients. Complaint, at Exh. C. Specifically, Brighton Jones' counsel stated, "**California courts** have repeatedly held a former employee may be barred from soliciting existing customers to redirect their business away from the former employer and to the employee's new business if the employee is utilizing trade secret information to solicit those customers. [citations excluded]." Counsel then went on to cite and refer to **California's Uniform Trade Secrets Act.** Nowhere in this letter is there (1) any reference to any law other than California law or (2) any reference to any unlawful conduct other than (a) soliciting clients using Brighton Jones' trade secret information or (b) soliciting clients while still employed by Brighton Jones. Complaint, at Exh. C

On June 17, 2021, and after multiple communications between Plaintiff's counsel and counsel for Brighton Jones (including telephonic communications), Brighton Jones' counsel sent Plaintiff's counsel an email. Complaint, at ¶ 16; Complaint, at Exh. D. In this email, counsel made one last effort to informally resolve this dispute. This email also attached a draft complaint against Plaintiff and Miller Avenue Advisors, LLC. Complaint, at Exh. D. **This draft complaint was (1)**

**venued in the Superior Court of the State of California, County of Marin, (2) alleged California claims only, and, as it relates to solicitation of former clients, (3) alleged claims based on the misappropriation of trade secrets only.** Exh. D.

III. <u>LEGAL ARGUMENT</u>

    A. <u>STANDARD OF REVIEW</u>

Rule 12(b)(6) directs dismissal of any complaint that fails to "state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must allege sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Bald assertions and legal conclusions are "not entitled to the assumption of truth." *Id*. at 679. Indeed, the Court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Dismissal is proper where there is either a "lack of a cognizable legal theory or [an] absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The allegations in a complaint must be sufficiently plausible such that "it is not unfair to require the opposing party to be subjected to the expense of discovery." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

    B. <u>THE COURT SHOULD GRANT BRIGHTON JONES' MOTION</u>

        1. <u>THE COURT SHOULD DISMISS PLAINTIFF'S FIRST CLAIM FOR RELIEF FOR DECLARATORY RELIEF</u>

Plaintiff's first claim for relief seeks declaratory relief pursuant to the DJA. Specifically, Plaintiff appears to seek a declaration resolving the following alleged disputes: (1) whether Paragraph 4 of Addendum A to the Business Protection Agreement titled "Non Solicitation and Non Service" is valid under California law; (2) whether Paragraph 11 of the Business Protection Agreement titled "Governing Law" is valid under California law; (3) whether Paragraph 12 of the Business Protection Agreement titled "Jurisdiction/Venue" is valid under California law; and (4) whether Plaintiff Strong has unlawfully solicited Brighton Jones' clients in violation of the

111919176.2 0074464-00004

Business Protection Agreement. This claim for relief is untenable as demonstrated by exhibits Plaintiff attached to the Complaint.

The DJA states in part as follows, "In a case of actual controversy within its jurisdiction, . . . any court of the United States, a pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 USC § 2201. An actual controversy is one that is: appropriate for judicial determination; definite and concrete, touching the legal relations of parties having adverse interest; and real and substantial, admitting of specific relief through a decree of conclusive character. *See Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240-41 (1937); *Medimmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007). As stated by the United States Supreme Court in *Medimmune*, in order to demonstrate that a case or controversy exists, a declaratory judgment plaintiff must prove that the facts alleged, "'under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Id.* at 127 (citation omitted). As for the "controversy," it must be "'definite and concrete, touching the legal relations of parties having adverse legal interests,'" such that the dispute is "'real and substantial'" and "'admi[ts] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Id.* (citation omitted).

Finally, the DJA operates prospectively, not to redress past wrongs. *See Judan v. Wells Fargo Bank, Nat'l Ass'n*, No. 15-cv-05029-HSG, 2017 WL 3115172, at *11 (N.D. Cal. July 21, 2017) (citing cases); *see also Ruiz v. Mortg. Elec. Registration Sys., Inc.*, No. CIV. S-09-0780 FCD DAD, 2009 WL 2390824, at *5 (E.D. Cal. Aug. 3, 2009) (declaratory relief cannot be used to redress past wrongs).

Plaintiff is not entitled to declaratory relief under the DJA. To start, the validity of Paragraph 4 and/or Brighton Jones' interpretation of that Paragraph is clear. Contrary to Plaintiff's allegations, and as evidenced by the exhibits to the Complaint, Brighton Jones **is not** interpreting this Paragraph to preclude Plaintiff Strong from soliciting his former clients. Brighton Jones is

-11-
STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO
NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES– 3:21-CV-05299-JSC

111919176.2 0074464-00004

only interpreting this Paragraph to prevent Plaintiff Strong from soliciting his former clients **using Brighton Jones' trade secret information**. Complaint, at Exhs. C (May 26, 2021 demand letter by and between counsel for Brighton Jones and counsel for Plaintiff) & D at ¶¶ 31-43 (Brighton Jones' draft complaint against Plaintiff and the cause of action for misappropriation of trade secrets). There is no current dispute involving Plaintiff's solicitation of former clients without using any trade secret information. Moreover, Brighton Jones' position that Plaintiff is prohibited from soliciting former employees using Brighton Jones' trade secret information is entirely consistent with California law. Specifically, California courts have repeatedly held that a former employee may be barred from soliciting existing customers to redirect their business away from the former employer and to the employee's new business if the employee is utilizing trade secret information to solicit those customers. *See, e.g.*, *Am. Credit Indem. Co. v. Sacks*, 213 Cal. App. 3d 622, 634 (1989). Indeed, such utilization constitutes improper misappropriation under California's Uniform Trade Secrets Act (the "Act"). The Act defines a trade secret as:

> [I]nformation, including a formula, pattern, compilation, program, device, method, technique, or process, that:
>
> (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and
>
> (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Cal. Civ. Code § 3426.1(d).

Numerous California courts have concluded that customer lists can qualify for trade secret protection. *See Gordon v. Landau*, 49 Cal. 2d 690 (1958); *Morlife, Inc. v. Perry*, 56 Cal. App. 4th 1514, 1521-22 (1997). Moreover, it is undisputed that Brighton Jones' client lists are eligible for these protections considering the time, money, labor, and ingenuity Brighton Jones expended and utilized in creating the lists and the steps it takes to maintain its secrecy, including (1) limiting access to the list, (2) requiring any employees with access to the list to execute Business Protection Agreements, and (3) password protecting electronic copies of the list. To the extent there is any question concerning Brighton Jones' interpretation, it is fully resolved by the draft complaint

counsel for Brighton Jones sent to Plaintiffs' counsel and which Plaintiffs attached to their Complaint as Exhibit D.

As for Plaintiff's contention that there is a current dispute regarding Paragraphs 11 and 12 of the Business Protection Agreement, it too is incorrect.  Again, Paragraph 11 of the Business Protection Agreement titled "Governing Law" provides that Washington law will govern any dispute, and Paragraph 12 of the Business Protection Agreement titled "Jurisdiction/Venue" provides that any dispute should be filed in Washington.  Despite these provisions, it is clear that Brighton Jones sought to file suit in California (specifically Marin County Superior Court) and is relying solely on California law.  Complaint, at Exh. D.  Given this, there is no current dispute pertaining to governing law or the applicable forum.

Finally, and as for Plaintiffs' request for a declaration that Plaintiff Strong has not unlawfully solicited Brighton Jones' clients in violation of the Agreement, it relates solely to past wrongs.  Complaint, ¶ 28(c).  As stated above, the DJA is not meant to redress past wrongs.  *See Judan*, 2017 WL 3115172, at *11; *see also Ruiz*, 2009 WL 2390824, at *5 (declaratory relief cannot be used to redress past wrongs).  *Judan* is instructive on that point.  In that case, the court granted defendant's motion to dismiss because plaintiffs sought a declaration regarding defendant's right to increase plaintiffs' principal balance.  The court dismissed plaintiffs' claim under the DJA on the grounds that the DJA was inapplicable because defendant had already engaged in that allegedly wrongful conduct.  *See Judan*, 2017 WL 3115172, at *11 (citing cases).  Plaintiff's claim suffers from the same fatal defect.

## 2. THE COURT SHOULD DISMISS PLAINTIFF'S SECOND CLAIM FOR RELIEF FOR VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, *ET SEQ.*

Plaintiff's second claim for relief alleges a violation of California's Unfair Competition Law.  A plaintiff asserting an unfair competition claim must allege an "unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  "A business practice is unlawful 'if it is forbidden by any law[.]'"  *Olszewski v. Scripps Health,* 30 Cal. 4th 798, 827 (2003) (citation omitted).  "Section 17200 'borrows' violations from other laws by making them

independently actionable as unfair competitive practices." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003). "'Unfair' simply means any practice whose harm to the victim outweighs its benefits." *Saunders v. Superior Ct.*, 27 Cal. App. 4th 832, 839 (1994). "Fraudulent," as used in the statute, does not refer to the common law tort of fraud but only requires a showing that "'"members of the public are likely to be deceived."'" *Korea Supply Co.*, 29 Cal. 4th at 1151 (citation omitted). "An 'unfair' business practice occurs when the practice offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Bardin v. DaimlerChrysler Corp.*, 136 Cal. App. 4th 1255, 1263 (2006) (internal quotation marks and citation omitted); *Drum v. San Fernando Valley Bar Ass'n*, 182 Cal. App. 4th 247, 257 (2010).

In addition to alleging an unlawful, unfair, or fraudulent act, a private party may only sue if it "has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204.

This claim is derivative of Plaintiff's other claims in this matter and fails for similar reasons. *See* Complaint, at ¶ 30; *Consumer Def. Grp. v. Rental Hous. Indus. Members*, 137 Cal. App. 4th 1185, 1220 (2006) (dismissing Unfair Competition Law claim when predicate claims were also dismissed); *Krantz v. BT Visual Images, L.L.C.*, 89 Cal. App. 4th 164, 178 (2001) (the viability of an Unfair Competition Law claim "stand[s] or fall[s]" with the underlying claim). This claim also fails because Plaintiff has failed to allege that he suffered any injury in fact. *See* Complaint, at ¶¶ 29-31.

## IV. CONCLUSION

For any and all of these reasons, Brighton Jones respectfully requests that the Court grant its Motion and dismiss this action in its entirety.

Dated: August 12, 2021

STOEL RIVES LLP

By: /s/Bryan L. Hawkins
    Bryan L. Hawkins
    Attorneys for Defendant
    Brighton Jones, LLC

-14-

NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES– 3:21-CV-05299-JSC

111919176.2 0074464-00004